UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANANIAS BOWEN,

                                Plaintiff,      **COMPLAINT**

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
STEPHAN CARR (shield # 2540), POLICE OFFICERS    Jury Trial Demanded
JOHN DOES 1-3,

                              Defendants.

------------------------------------------------------------------------ x

        Plaintiff ANANIAS BOWEN, by his attorney RICHARD CARDINALE, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers violated his rights under 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution by retaliating against him for engaging in free speech, using unreasonable force on him, falsely arresting him, and denying him a fair trial. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

4.  Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

5.  Plaintiff is a resident of the State of New York, County of Kings.

6.  The City of New York is a municipal corporation organized under the laws of the State of New York.

7.  The individual defendants are members of the New York City Police Department ("NYPD").  The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

8.  On February 26, 2012, at approximately 4:30 p.m., plaintiff was driving his automobile in a lawful manner when New York City Police Officer Stephan Carr and other officers pulled plaintiff over on the corner of New Lots Avenue and Sheffield Avenue in Brooklyn.

9.   Believing that he had been stopped solely because he is black, plaintiff, in a peaceful and non-threatening manner, asked the defendants why they had pulled him over.

10.  In retaliation for plaintiff's exercise of free speech, the defendants, acting in concert, opened plaintiff's driver's side door, violently pulled plaintiff out of the car, lifted plaintiff up by his shirt, and handcuffed plaintiff excessively tight.

2

11. This use of force caused plaintiff to suffer pain, bruising and eventually swelling.

12. The defendants searched plaintiff at the location and found nothing illegal on him.

13. Plaintiff was then transported to an unknown precinct for arrest processing.

14. The defendants arrested plaintiff to retaliate against him for engaging in free speech, to fulfill an arrest quota and to earn overtime compensation.

15. While plaintiff was in the precinct, Officer Carr, with the approval of the other officers involved in plaintiff's arrest, completed arrest paperwork falsely charging plaintiff with disorderly conduct, resisting arrest, failure to signal before turning and failure to obey a stop sign.

16. After Officer Carr completed plaintiff's arrest paperwork, plaintiff was taken to Brooklyn Central Booking to await arraignment.

17. While plaintiff was held in Brooklyn Central Booking, Officer Carr, with the approval of the other officers involved in plaintiff's arrest, misrepresented to the Kings County District Attorney's Office that plaintiff was disorderly, resisted arrest, failed to signal before turning and failed to obey a stop sign, and encouraged prosecutors to file false criminal charges against plaintiff.

18. Officer Carr, with the approval of the other officers involved in plaintiff's arrest, signed a criminal court complaint falsely charging plaintiff with disorderly conduct, resisting arrest, failure to signal before turning and failure to obey a stop sign.

19. On February 27, 2012, at approximately 2:00 p.m., plaintiff was arraigned in criminal court and released on his own recognizance.

20. Plaintiff was required to appear in Criminal Court several times after his arraignment.

21. On July 10, 2012, plaintiff appeared in criminal court and the prosecution offered plaintiff an adjournment in contemplation of dismissal, which plaintiff accepted.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 22 hours and suffered a loss of liberty, "garden variety" emotional distress, fear, anxiety, sadness, embarrassment, humiliation, and pain, bruising and swelling. Plaintiff was treated at Kings County Hospital.

## FIRST CLAIM

### (VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH)

(Against the Individual Defendants)

23. Plaintiff repeats the foregoing allegations.

24. Plaintiff exercised free speech during the incident in question by questioning defendants' actions.

25. Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to use force upon, arrest and prosecute plaintiff.

26. Accordingly, defendants are liable to plaintiff under the First Amendment for violating his right to free speech.

## SECOND CLAIM

## (UNREASONABLE FORCE)

(Against the Individual Defendants)

27. Plaintiff repeats the foregoing allegations.

28. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain, bruising and swelling.

29. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## THIRD CLAIM

## (FALSE ARREST)

(Against the Individual Defendants)

30. Plaintiff repeats the foregoing allegations.

31. At all relevant times, plaintiff did not commit a crime or violation.

32. Despite plaintiff's innocence, the defendants arrested plaintiff.

33. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

34. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for falsely arresting him.

## FOURTH CLAIM

## (DENIAL OF A FAIR TRIAL)

(Against the Individual Defendants)

35. Plaintiff repeats the foregoing allegations.

36. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime and a traffic offense.

5

37. Defendants' misrepresentations deprived plaintiff of liberty.

38. Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FIFTH CLAIM

## (FAILURE TO INTERVENE)

(Against the Individual Defendants)

39. Plaintiff repeats the foregoing allegations.

40. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the First, Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

41. Accordingly, the defendants are liable to plaintiff under the First, Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiff's rights under those amendments.

## SIXTH CLAIM

## (*MONELL* CLAIM)

(Against the City of New York)

42. Plaintiff repeats the foregoing allegations.

43. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

44. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

45. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have

6

previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

46. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

47. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

48. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

49. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: September 13, 2014

/s/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391